```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-23404-CV-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

ABDIRASHID HUSSEIN HUMAI,      :

    Petitioner,            :

v.                             :     REPORT OF
                                     MAGISTRATE JUDGE
U.S. ATTORNEY GENERAL,         :
ET AL.,
                               :
    Respondent.
_____/

    Abdirashid Hussein Humai has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") and seeking release from custody.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration the Court has the Petition, the Respondent's response and a notice indicating that the petitioner has been removed from the United States to Somalia.

    At the time the petition was filed, the petitioner was in custody of ICE and detained at the Krome Processing Center, in Miami, Florida. The petitioner stated that he has been in the continuous custody of ICE since May 15, 2015. He was ordered removed on November 30, 2015. He claimed to have cooperated with ICE efforts to have him removed to his home country. He maintained

that there was no significant likelihood of his removal in the reasonably foreseeable future and he seeks relief based upon the United States Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).[1] The petitioner claimed that his continued detention is a violation of the statutory authority granted to ICE as well as a due process violation.

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. §2241(c)(3); <u>accord</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the section 2241 petition is filed. <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. <u>Carafas v. LaVallee</u>, 391 U.S. 234.

After the filing of the instant petition, on February 9, 2017 the petitioner was removed form the United States to Somalia. <u>See</u> Sworn Statement of Deportation Officer (DE# 11-1). Although Petitioner is no longer confined, he has satisfied the "in custody" requirement based on his status at the time of filing.

Although the "in custody" requirement has been met, this Court nonetheless has no jurisdiction in this case. "Article III of the Constitution limits federal 'Judicial Power,' that is,

---

[1] In <u>Zadvydas</u>, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, <u>Zadvydas</u> held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 533 U.S. at 698-701.

2

federal-court jurisdiction, to "'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional.[2]

---

[2]The Eleventh Circuit recognizes an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, but the exception is narrow and applies only in exceptional situations. See Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242-43 (11th Cir. 2002) "In particular, the exception can be invoked only when (1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. See generally Lane v. Williams, 455 U.S. 624, 632 (1982). This Court as well as several other district courts have determined that where an alien is released from ICE custody pending removal from the United States "his petition for habeas relief under Zadvydas is moot." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). See also Revan v. Mukasey, 2008 WL 3992291, *2 (S.D.Fla. 2008), *citing*, He v. Gonzales, supra; Ismaila v. Department of Homeland Sec., 2009 WL 1635781, *1 (S.D.Ala. 2009), *citing*, He v. Gonzales, supra; Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, Petitioner does not dispute he was released from administrative custody on January 20, 2016, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004).

In the instant proceeding, the petitioner challenged his prolonged detention. Because the petitioner has now been released from ICE custody and removed from the United States, his detention has terminated. In addition, the petitioner does not allege that collateral consequences exist to satisfy the injury-in-fact requirement of Article III. Further, there is simply nothing to suggest that the petitioner will be returned to the custody of ICE prior due to his removal from the United States. Accordingly, no exception to the mootness doctrine is applicable here.

---

cessation or expiration." Id.(internal citation omitted; emphasis in original). Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Id. 296 F.3d at 1242-1243. (internal citation omitted).

Since this Court can no longer order the federal respondent to release petitioner, as requested in the petition, in that the petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998). This action no longer presents a justiciable case or controversy within the meaning of Article III. Accordingly, this federal petition should be dismissed as moot. See Sule v. Immigration & Naturalization Serv., 1999 WL 668716 (10th Cir. 1999)(petitioner's deportation to Nigeria rendered moot his §2241 habeas petition challenging both the order of deportation and his INS detention); see also Suarez-Tyida v. United States, 85 Fed.Appx. 711, 715-16, 2004 WL 68758, *4 (10th Cir. 2004)(holding that because alien had been released from indefinite immigration detention, he had "effectively received the relief he has requested," and his petition was moot.).

It is therefore recommended that the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 be dismissed as moot and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of May, 2017.

UNITED STATES MAGISTRATE JUDGE

cc: Abdirashid Hussein Humai
    A-208-168-875
    Krome Service Processing Center
    Inmate Mail/Parcels
    18201 SW 12th Street
    Miami, FL 33194
    PRO SE

James Alan Weinkle
United States Attorney's Office
99 N.E. 4th Street
Suite 300
Miami, FL 33132